1

2

3

4

5

6

7

FILED

09 MAY 26 PM 12: 47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MICHAEL STEWART, | CASE NO. 09cv844-IEG(WMc) |
| 12                        Plaintiff, | Order Denying Request for |
| 13        vs. | Temporary Restraining Order |
| 14   CITY OF SAN DIEGO;  PAM ROWLETT, | |
| 15                        Defendants. | |

16

17        Plaintiff Michael Stewart, proceeding pro se, has filed a motion for a temporary restraining

18 order against Defendant Pam Rowlett.  For the reasons explained below, the Court DENIES

19 Plaintiff's motion.

        The purpose of a temporary restraining order is to preserve the status quo before a

20 preliminary injunction hearing may be held; its provisional remedial nature is designed merely to

21 prevent irreparable loss of rights prior to judgment.  See Granny Goose Foods, Inc. v. Brotherhood

22 of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (noting that a temporary restraining order

23 is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm

24 just so long as is necessary to hold a hearing, and no longer").  The standard for issuing a

25 temporary restraining order is identical to the standard for issuing a preliminary injunction.  A

26 party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a

27 combination of probable success on the merits and the possibility of irreparable harm, or (2) that

28 serious questions are raised and the balance of hardships tips sharply in the moving party's favor.

1   Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson,

2   134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding

3   scale in which the required degree of irreparable harm increases as the probability of success

4   decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutricology, Inc., 982 F.2d 394, 397

5   (9th Cir. 1992)). "The greater the relative hardship to the moving party, the less probability of

6   success must be shown." National Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th

7   Cir. 1984).

8          As currently set forth, Plaintiff has demonstrated neither likelihood of success on the merits

9   nor irreparable injury. Plaintiff's complaint alleges that Defendant Pam Rowlett, a San Diego

10   Police Officer, approached Plaintiff on Saturday, June 14, 2008, and conducted an unlawful search

11   of his car. Plaintiff further alleges that Officer Rowlett harassed Plaintiff, and unlawfully searched

12   his car, on two prior occasions. In his current request for a temporary restraining order, Plaintiff

13   states that Officer Rowlett again contacted Plaintiff on May 15, 2009. Plaintiff believes Officer

14   Rowlett's contact is motivated by racial profiling, and Plaintiff states that he feels threatened

15   because of the contact. Plaintiff does not, however, indicate that Officer Rowlett actually

16   threatened him or conducted any unlawful search of his car. Plaintiff does not state any facts from

17   which the Court can conclude the May 15, 2009 contact violated Plaintiff's constitutional rights or

18   has placed Plaintiff in danger of immediate, irreparable harm.

19          Therefore, Plaintiff's motion for a temporary restraining order, requiring Defendant

20   Rowland to avoid contact with Plaintiff, is DENIED.

21          **IT IS SO ORDERED**.

22

23   Dated: _5/22/09_

24                                                    HON. IRMA E. GONZALEZ, Chief Judge
                                                     United States District Court
25                                                   Southern District of California

26

27

28

- 2 -

09cv44