# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL STEWART, | CASE NO. 09cv844-IEG (WMc) |
|---|---|
| Plaintiff, | ORDER RE: PLAINTIFF'S REQUEST FOR DISCLOSURE OF DEFENDANT ROWLETT'S PERSONNEL RECORDS |
| vs. | |
| CITY OF SAN DIEGO, PAM ROWLETT, et al., | |
| Defendant. | |

## I. INTRODUCTION / PROCEDURAL HISTORY

On November 2, 2010, the Court held a telephonic discovery conference. Following the teleconference, the Court ordered Defendants to submit to the Court for *in camera* review the personnel record of Defendant Rowlett.

As explained below, the Court has completed its *in camera* review of the performance evaluations and discipline records and finds the official information privilege and privacy privilege raised by Defendants do not shield the documents at issue from discovery.

## II. STANDARD OF REVIEW / DISCUSSION

Assertions of privilege in federal question cases are governed by federal common law. Fed. R. Evid. 501. In Defendant's response to Plaintiff's request she asserts the following two privileges: federal official information doctrine and privacy.

### A. Official Information Privilege

"Federal common law recognizes a qualified privilege for official information." *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). The personnel files of government employees have been considered official information for purposes of the common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990.) Courts engage in a balancing test to determine whether personnel files are privileged and thereby protected from disclosure. *Miller*, 141 F.R.D. at 300. Specifically, "courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." *Id.* The balancing test is pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987.)

Additionally, in § 1983 cases, some courts have adopted a general presumption against implementing the official information privilege. *Floren v. Whittington,* 217 F.R.D. 389, 391 (S.D.W.Va. 2003.) However, in order to trigger the Court's balancing of interests, the party opposing disclosure must make a substantial threshold showing by submitting a declaration from a responsible official with personal knowledge of the police department's internal investigatory system. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995.) (citing *Kelly*, 114 F.R.D. at 670.) Once the party asserting the privilege meets the threshold burden, the court will review the documents in light of the balancing test articulated by the court in *Kelly*, which includes, but is not limited to: (1) The extent to which disclosure will thwart the governmental process by discouraging citizens from giving the government information; (2) The impact upon persons who have given information of having their identities disclosed; (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) Whether the information sought is factual data or evaluative summary; (5) Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) Whether the police investigation has been completed; (7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) Whether the plaintiff's suit si not frivolous and brought in good faith; (9) Whether the information sought is available from discovery or through other sources;

1  (10) The importance of the information sought to the plaintiff's case. *See Kelly*, 114 F.R.D. at 663
2  (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973.))

3  When considering this case in light of the *Kelly* balancing test, the Court finds the factors
4  weighing in support of disclosure are: nine (absence of other available sources) and ten
5  (importance of information sought). The ninth and tenth *Kelly* factors weight heavily in support of
6  production. Since the San Diego Police Department is a self-governing agency, information
7  contained in internal performance reviews and disciplinary records is not likely to be discoverable
8  from any other source. In addition, both the performance evaluations and the disciplinary
9  investigations are undeniably relevant to Plaintiff's claims. Among Plaintiff's asserted claims are
10 violations of 42 U.S.C. § 1983 civil rights violation and conspiracy to violate civil rights.[1] The
11 personnel records in question are relevant to Plaintiff's claims in the event the officer in question
12 violated standard practices and procedures. Such documentation would be in the performance
13 reviews and any related disciplinary action. Also, such information is relevant to officer
14 credibility. See *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Production
15 of these documents may also be vital to Defendants' claims because the performance evaluations
16 are conducted on a routine basis and the absence of materials documenting officer misconduct
17 would tend to suggest the officer in question performed adequately and in accord with department
18 policies.

19 When balancing the competing interests involved in this case, Plaintiff's interest in
20 disclosure of the performance evaluations and discipline documents outweighs the City of San
21 Diego's assertion of the Official Information privilege. Accordingly, the Court concludes the
22 official information privilege does not preclude discovery of the requested documents and orders
23 that the requested documents be produced with certain redactions as explained below.

24 **B. Right of Privacy**

25 Federal courts generally recognize a right of privacy that can be raised in response to
26 discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)
27 (denying discovery of names of participants in a medical study due to privacy interests of the
28

---

[1] For a list of all claims see Plaintiff's Second Amended Complaint [Doc. No. 54].

1  individual participants).  The party whose privacy is affected may object or seek a protective
2  order.  *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987).  Resolution of a privacy
3  objection or request for protective order requires a balancing of the need for the particular
4  information against the privacy right asserted.  *Cook v. Yellow Freight System, Inc.*, 132 F.R.D.
5  548, 550-551 (E.D. 1990) (balancing targeted individual's right of privacy against public's need
6  for discovery in employment discrimination case.)  With respect to the disclosure of police files,
7  courts have recognized that privacy rights are not inconsequential.  *Kelly v. City of San Jose*, 114
8  F.R.D. 650, 653 (N.D. Cal 1987).  However, these privacy rights have to be considered in light of
9  the substantial weight afforded plaintiffs in civil rights cases against police departments.  *Kelly*,
10 114 F.R.D. at 660.  Current case law suggests the privacy interests police officers have in their
11 personnel file do not outweigh plaintiff's interests in civil rights cases. See *Soto*, 162 F.R.C. at
12 617; *Hampton*, 147 F.R.D. at 230; *Miller*, 141 F.R.D. at 301.  In addition, Defendants' privacy
13 concerns may be sufficiently protected with the use of a "tightly drawn" protective order which
14 specifies that only the Plaintiff have access to the material, and that copies of such material will be
15 returned to Defendants at the conclusion of the case.  See *Kelly*, 114 F.R.D. at 662, 666, 671; See
16 *Chism*, 159 F.R.D. at 535; *Hampton*, 147 F.R.D. at 231; *Miller*, 141 F.R.D. at 301.

17      In the instant case, Plaintiff's assert numerous civil rights violations which weigh against
18 the privacy interests of the officers.  As discussed earlier, the information contained in the files is
19 unlikely to be available from any other source.  The court in *Kelly* emphasized the need for
20 disclosure in civil right cases is especially strong because "public confidence in our system of
21 justice is of comparable significance and is threatened when relevant evidence is not made
22 available and independent of that public perception of the system there are few things more
23 important than doing justice in fact in individual cases." *Id.* at 661.  When considering the facts of
24 the instant case, in the event there was police misconduct, not only are there public confidence
25 considerations but concern for public safety implications as well.  Additionally, any concerns the
26 Defendants may have can be alleviated by an appropriate protective order, as well as the redaction
27 of any sensitive personal information (e.g. social security numbers, addresses, phone numbers,
28 etc.).

In sum, the Court concludes Plaintiff's need for the documents as well as the public policy considerations relevant to the instant case overcome any asserted privacy rights. Accordingly, the requested documents must be produced with the appropriate redactions on the noted pages below:

| Bates Stamp # | Document Description | Information to be Redacted |
|---|---|---|
| PR-P-000000009 | Tri Annual Employee Performance Report | Rowlett's ID # |
| PR-P-000000017 | Correspondence from City of San Diego | Rowlett's home address |
| PR-P-000000018 | Memorandum re: Discretionary Leave | "MS-748" |
| PR-D-000000004 | Overall Job Performance Review | Rowlett's ID # |
| PR-P-000000002 | Overall Job Performance Review | Rowlett's ID # |
| PR-C-000000013 | Overall Job Performance Review | Rowlett's ID # |
| PR-D-000000007 | Employee Performance Plan | Rowlett's ID # |

### III. CONCLUSION AND ORDER THEREON

In accordance with the Court's findings expressed above, Defendants are ordered to submit a proposed protective order on or before December 3, 2010. Within five days of the Court signing the protective order Defendants shall produce the documents listed above.

IT IS SO ORDERED.

DATED: November 24, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court