1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL STEWART, | CASE NO. 09cv844-IEG(WMc) |
|---|---|
| Plaintiff, | |
| vs. | Order Denying Plaintiff's Motion to Alter or Amend Judgment |
| CITY OF SAN DIEGO; PAM ROWLETT; SCOTTY ODOM; JOSE CONDE; JR COPELAND; J KELLY; MICHAEL WALLACE; ADAM SCHROM; DANIEL STANLEY; DENNY KREMER; KEVIN HOLYFIELD; JOHN HUYS; THOMAS McGRATH; STEVEN WITT; MICHAEL BROWN JR.; DONA HUFFORD; WALTER J. RUSSELL; GLENDA PATRICK; A. DOHERTY; WENDY DAVISSON; DOUG SENSABAUGH; and | |
| Defendants. | |

By order filed December 6, 2010, the Court granted summary judgment in favor of Defendants on all of Plaintiff's remaining claims in this case. On December 16, 2010, Plaintiff lodged with the Clerk's Office for filing a one-half inch binder of materials, the top page[1] of which

---

[1] Because the manner in which the materials were submitted will not be apparent from the record once the Plaintiff's papers are scanned and uploaded to the CM/ECF system by the Clerk's Office, the Court makes note of such here. The binder submitted by Plaintiff contained pockets inside the front and back covers. Inside the front pocket of the binder were six separately stapled, handwritten, memoranda, some of which contained exhibits. Inside the three-hold punch portion of the binder was a Table of Contents and Exhibits A-M, most of which contain numerous subparts. Inside the back pocket of the binder was a CD, labeled "Tape #J2050, 2-23-09, 2249 Hrs. 1183-23152CR at National Av/ Sigsbeest." The CD was further labeled "Exhibit B." In that pocket was also a manilla envelope containing a four-page document entitled "4th Amendent Complaint Fed. Rule 15(f)" in which Plaintiff seeks to add claims against six new Defendants

was entitled "In support of defendants motion to dismiss Fed. Rule 26, Fed. Rule 60 in Support of Relief of Judgment." In addition, on December 30, 2010, Plaintiff lodged with the Clerk for filing a doctor's report and an additional declaration.[2] The Court treats Plaintiff's papers as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). For the reasons explained below, the Court DENIES Plaintiff's motion.

## *Discussion*

Because Plaintiff's papers were filed within twenty-eight days after the Court entered judgment, Plaintiff's motion is properly characterized as arising under Rule 59(e) rather than Rule 60(b). See American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (noting that a motion for reconsideration filed within the time period set forth in Rule 59(e) is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), while a motion filed beyond that time period is treated as a Rule 60(b) motion for relief from a judgment or order). The Court may grant a motion to alter or amend judgment under Rule 59(e)[3] under the following circumstances:

> "(1) [T]he district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."

Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir.2001)). Where a litigant seeks relief based upon new evidence, the party must show (1) the evidence was discovered after judgment was entered, (2) the evidence could not be discovered earlier through due diligence, and (3) the newly discovered evidence is of such magnitude that it likely would have changed the outcome of the proceedings. Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003).

In the current papers, Plaintiff disputes the authenticity of the dispatch tapes and other

---

based upon their alleged falsification of evidence. The envelope also contains purported summonses and proofs of service of the 4th Amended Complaint.

[2] Along with the declaration Plaintiff filed on December 30, 2010, Plaintiff lodged two jump drives which purportedly contain GPS records for the Court's review.

[3] The standard for reconsideration under Rules 60(b) and 59(e) are substantially similar. United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

evidence he received from the City in response to his subpoenas and discovery requests pertinent to his February 23, 2009 car accident.  Plaintiff has submitted copies of Defendants' moving and reply documents and declarations regarding their summary judgment motion, with particular sections highlighted.  Much of what Plaintiff now submits was previously considered by the Court in ruling on Defendants' motion for summary judgment. Plaintiff repeats arguments he asserted in both his written papers and oral argument in opposition to the Defendants' summary judgment motion.  None of this previously-considered evidence warrants relief under Rule 59(e).

Plaintiff has submitted several pieces of evidence he did not previously file in opposition to the Defendants' summary judgment motion, including a report regarding Plaintiff's mental health treatment several months following the automobile accident, what appears to be a portion of a report from neurosurgeon Tyrone Hardy regarding his neck injury, and purported GPS records. Neither the mental health report nor Dr. Hardy's report bear upon Defendants' liability for the conduct alleged by Plaintiff.  In addition, the purported GPS record files on the jump drives Plaintiff submitted on December 30, 2010 are voluminous, and Plaintiff does not point to any particular portion of those files in support of his claims. The Court has no duty to review these electronic records to try to discern evidence that may entitle Plaintiff to relief from judgment. Plaintiff makes no claim that this evidence was discovered after the Court entered summary judgment, and does not explain why the evidence was not submitted in opposition to Defendants' summary judgment motion.  In short, Plaintiff has failed to demonstrate the Court should alter or amend the judgment the Court entered in this case on December 6, 2010.

### *Conclusion*

For the reasons explained herein, Plaintiff's papers are construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  Plaintiff's motion is DENIED.  The Court will not accept for filing any additional requests for reconsideration by Plaintiff.

**IT IS SO ORDERED**.

**DATED:  January 10, 2011**

**IRMA E. GONZALEZ, Chief Judge
United States District Court**